UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.: |
| | : | |
| | : | Violations: |
| v. | : | 18 U.S.C. § 371 (Conspiracy); |
| | : | 18 U.S.C. § 844(e) (Threatening and |
| | : | Conveying False Information Concerning |
| **MIR ISLAM,** | : | Use of Explosive); |
| | : | 18 U.S.C. § 2261A(2) (Stalking); |
| | : | |

Case: 1:15-cr-00067
Assigned To : Moss, Randolph D.
Assign. Date : 5/29/2015
Description: INFORMATION (A)

**INFORMATION**

The Acting United States Attorney informs the Court that:

**COUNT ONE**
**(Conspiracy)**

A. <u>OBJECTS OF THE CONSPIRACY</u>

Beginning in or about February 2013 and continuing to on or about September 6, 2013, in the District of Columbia, and elsewhere, the defendant, MIR ISLAM, did knowingly and voluntarily conspire and agree with others to commit multiple offenses against the United States, namely,

(1) to knowingly transfer, possess, and use, in or affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, to wit, names, social security numbers, and dates of birth, with the intent to commit, or to aid or abet, or in connection with, an unlawful activity that constitutes a violation of Federal law, to wit, wire fraud in violation of Title 18, United States Code, Section 1343 and computer fraud in violation of Title 18, United States Code, Section 1030(a)(2), in violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(B);

(2) knowingly and with intent to defraud to possess fifteen or more devices which are unauthorized access devices, to wit, social security numbers, in which the acquisition

and use of the devices would affect interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3) and (c)(1)(A)(i);

(3) for the purpose of obtaining anything of value from any person, and for other purposes, with intent to deceive, to falsely represent a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him or to such other person, in violation of Title 42, United States Code, Section 408(a)(7)(B);

(4) to intentionally access a computer without authorization and thereby obtain information contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (Title 15, United States Code, Section 1681 et seq.), in violation of Title 18, United States Code, Section 1030(a)(2)(A) and (c)(2)(A);

(5) having devised and intending to devise a scheme and artifice to defraud, and to obtain property by means of materially false and fraudulent pretenses, representations, and promises, knowingly and intentionally to transmit and to cause to be transmitted by means of wire and radio communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343;

(6) forcibly, and using a deadly or dangerous weapon, to assault, impede, intimidate, and interfere with any person designated in Section 1114 of Title 18, to wit, an officer or employee of the United States or of any agency in any branch of the United States Government, while such person is engaged in or on account of the performance of official duties, in violation of Title 18, United States Code, Section 111(a) and (b); and

(7) to transmit in interstate and foreign commerce any communication containing any threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

B. <u>MANNER AND MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

The ways, manner, and means by which the defendant, MIR ISLAM, sought to achieve the objects of this conspiracy included, but were not limited to, the following:

(1) Defendant ISLAM and his coconspirators would obtain, usually by fraud and theft, and then publish on public websites personal identifying information, including consumer

credit reports, of certain selected United States Government officials, state government officials, and public celebrities, an abuse known as "doxing."

(2) Defendant ISLAM and his coconspirators would obtain personal identifying information, including Social Security numbers and dates of birth, of intended "doxing" victims from online open sources and from websites that specifically sell such information. Defendant ISLAM and his coconspirators would then use that personal identifying information in accessing, without authorization, the servers of various credit reporting agencies to steal the credit reports of their intended "doxing" victims.

(3) Defendant ISLAM and his coconspirators would design and create websites to be hosted on servers usually located outside the United States and purchase domain names for those websites, including exposed.su, exposed.re, and exposed.ws., to store and publish to the public the credit reports and other personal identifying information of the conspirators' intended "doxing" victims.

(4) Defendant ISLAM and his coconspirators would in most instances use stolen credit cards to pay any costs associated with their "doxing" scheme, including the purchase of personal identifying information, credit reports, servers to host the websites, and the domain names for those websites.

(5) Defendant ISLAM and his coconspirators would place emergency calls to police departments making false claims of homicides or other assaultive conduct by other individuals, or false claims of burglaries and assaultive conduct against other individuals, at the residences of those individuals which calls were intended to result in, and would result in, a tactical police response to the targeted individuals' residences, an abuse known as "swatting."

(6)     Defendant ISLAM and his coconspirators would select federal or state government employees, or other public figures, to be "swatted" based, in part, upon ideological, political, or personal objections to the conduct of those individuals in the performance of their official or professional responsibilities. Defendant ISLAM and his coconspirators would also select other individuals to be "swatted" on the basis of celebrity status in part to draw attention to the "exposed" websites, which sometimes identified individuals whom Defendant ISLAM and his coconspirators had "swatted."

(7)     To perpetrate their "swats," Defendant ISLAM and his coconspirators would use telecommunication Internet protocol relay services, sometimes referred to as "TTY Relay Services," provided by Internet service providers, which were intended, *inter alia*, to serve individuals with hearing or speech impediments, and permitted the transmission of 9-1-1-type emergency calls over the Internet through the use of a computer and keyboard. The false incident report composed on the keyboard would be transmitted over the Internet to an Internet service provider relay operator who would then orally communicate the false incident to either the National 9-1-1 Transfer Center or the appropriate local 9-1-1 emergency dispatch center. Defendant ISLAM and his coconspirators would conceal their Internet Protocol addresses, and thus their identities, through the use of proxies and virtual private networks in their transmissions of the false reports.

C.     OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendant MIR ISLAM and others committed various overt acts within the District of Columbia and elsewhere, including but not limited to the following:

(1)    In or about March 2013, conspirators published purchased and stolen personal identifying information and credit reports of certain selected United States Government officials, state government officials, and public celebrities on a public website with the domain name "exposed.su" which was hosted on one or more servers located in The Netherlands.

(2)    On or about March 31, 2013, a conspirator committed a "swat," as described above, against a person at his residence in the Commonwealth of Massachusetts, who then served as an employee of the United States.

(3)    In or about April 2013, conspirators published purchased and stolen personal identifying information and credit reports of certain selected United States Government officials, state government officials, and public celebrities on a public website with the domain name "exposed.re" which was hosted on one or more servers located in Malaysia.

(4)    On or about April 19, 2013, a conspirator committed a "swat," as described above, against a person, identified herein by the initials "T.L.," at his residence in the State of California, who then served as a state government official.

(5)    On or about April 27, 2013, a conspirator committed a "swat," as described above, against a person, identified herein by the initials "M.R.," at his residence in the State of Michigan, who then served as a United States Government official.

(6)    On or about July 22, 2013, conspirators published purchased and stolen personal identifying information and credit reports of certain selected United States Government officials, state government officials, and public celebrities on a public website with the domain name "exposed.ws."

(7)    On or about August 12, 2013, within the District of Columbia, and elsewhere, a conspirator uploaded purchased and stolen personal identifying information and credit reports of

certain selected United States Government officials, state government officials, and public celebrities to a web server, located in the District of Columbia, for the purpose of publishing that information to the public on a website whose domain name was to be "exposed.ws."

**(Conspiracy, in violation of Title 18, United States Code, Section 371)**

## COUNT TWO
### (Threatening and Conveying False Information Concerning Use of Explosive)

On or about March 22, 2013, in the Southern District of New York, and elsewhere, the defendant, MIR ISLAM, through the use of a telephone and other instrument of interstate and foreign commerce, and in and affecting interstate and foreign commerce, willfully made a threat, and maliciously conveyed false information knowing the same to be false, concerning an attempt or alleged attempt being made, to kill, injure, or intimidate an individual and unlawfully to damage or destroy any building and other real and personal property by means of fire and an explosive by intentionally communicating, through the Sprint Corporation's Telecommunications Internet protocol relay, a false report that an individual on the campus of a university in Arizona possessed explosives and was going to use them to blow up buildings.

**(Threatening and Conveying False Information Concerning Use of Explosive, in violation of Title 18, United States Code, Section 844(e))**

## COUNT THREE
### (Stalking)

From on or about March 22, 2013, up to and including July 2013, the exact date being unknown, in the Southern District of New York, and elsewhere, the defendant, MIR ISLAM, with the intent to harass, intimidate, and cause substantial emotional distress to an individual identified herein as "A.R.T.," a person in another State, did use an interactive computer service

6

and a facility of interstate and foreign commerce to engage in a course of conduct that did cause substantial emotional distress to A.R.T., to wit, defendant ISLAM communicated a false bomb threat to the university that A.R.T. was attending, as alleged in Count Two of this Information; sent threatening text messages to A.R.T.; sent text messages and made telephone calls to a friend of A.R.T. attempting to extort personal information about A.R.T. from the friend; obtained unauthorized access to, and altered, A.R.T.'s email, Facebook, and Instagram accounts and downloaded from those accounts substantial personal information about A.R.T; and created fake Twitter accounts in the nickname of A.R.T.

**(Stalking, in violation of Title 18, United States Code, Section 2261A(2))**

VINCENT H. COHEN, JR.
Acting United States Attorney

By: *[signature]*
Corbin A. Weiss
Assistant United States Attorney
CHIP/Cybercrime Coordinator
California Bar No. 122961
555 4th Street, NW
Washington, DC 20530
(202) 252-1718
corbin.weiss@usdoj.gov